■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY ASKA, Appellant. [659 NYS2d 497] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Silverman, J.), rendered April 8, 1996, convicting him of assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of assault in the first degree and criminal possession of a weapon in the fourth degree, based on an August 21, 1995, incident in which he stabbed the complainant with a knife.

The complainant testified that five days before the incident, his former wife, Sharon, told him that the defendant had slapped her while the two were at a local hospital. The complainant further stated that immediately prior to his being stabbed, he had asked the defendant what had "happened between you and Sharon". Although the defendant admitted arguing with Sharon at the hospital, he testified that he never

struck her. Nevertheless, the defendant argued that he stabbed the complainant in self-defense because he feared that the complainant was about to attack him in retaliation for his altercation with Sharon.

On appeal, the defendant contends that the trial court improperly precluded a defense witness who was present at the time of the alleged slapping incident and who would have testified that the defendant did not slap Sharon. We disagree. As the defendant had already testified that he did not strike Sharon during the argument at the hospital, the trial court did not improvidently exercise its discretion in excluding this witness' testimony since it was cumulative and merely served to bolster the defendant's case *(see, People v Hudy,* 73 NY2d 40).

The defendant's remaining contentions are without merit. Mangano, P. J., Santucci and Joy, JJ., concur.

Rosenblatt, J., concurs in the result only.